JOHN LINDSAY *v.* H. T. SMITH.

[Abstract Kentucky Law Reporter, Vol. 3—252.]

**Partnership Debts.**

> A partner has no right, by executing his own note for a partnership debt and paying the note at forty cents on the dollar, to recover from his partner one-half of the whole amount of the debt. The partner has a right to credit for half the sum saved to the firm by the payment of the debt with less than the sum due, and this is true after dissolution of the firm as well as before.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

September 20, 1881.

OPINION BY JUDGE HARGIS:

There is no allegation that the agreement of February 3, 1872, was executed through fraud or mistake; and according to its terms, by which the court must be governed in its construction, the appellee agreed to pay only the debts that were posted on the books at that time, and as to any other debts that might be thereafter presented they were to be jointly settled by appellant and appellee. The evidence tends to prove that the debts, which appellee claims were subsequently presented and paid by him, were so paid and presented, and were not posted on the books at the time of dissolution of the partnership.

Case denominated No. 2 being a suit sounding in damages, easy of ascertainment, for a breach of the written agreement of dissolution, the judgment of the chancellor can not be disturbed as to the fact of liability But we are of opinion that the amount of appellant's liability was not correctly adjudged. The appellee, it seems, instead of paying the firm debts due to the Cabinet Maker's Union, executed his individual note therefor amounting to $454.95 and afterwards discharged the note by the payment of forty cents on the dollar. In other words, he paid the debt which the "Union" held against the firm with the sum of $181.98, one-half of which he was entitled to, but he was erroneously allowed the whole of his note to the "Union." This was a partnership debt which appellee paid, and he had no right, by executing his own note, and paying it off at forty cents on the

dollar, to recover from his partner, for whom he was acting as agent, the sixty per cent. he had made by the transaction.

After dissolution, as well as before, partners are required to act with the utmost good faith with one another. Whatever either may make in the adjustment of a partnership debt inures equally to the benefit of the other unless the contract of dissolution provides otherwise.

Suit No. 1, for the amount of an open account, and No. 2, as we have seen, is for damages for the breach of a written contract. They present entirely different causes of action, and we know of no law that requires a party to write in one suit all of the causes of action he may have, although they may be such as can be joined, unless there be such a multiplicity of them as would by separate prosecution result in vexation and oppression. There is no reason, however, in this case, to deny the appellee his costs in each of the actions in the court below, prior to the rendition of the judgment from which this appeal is prosecuted. As to the other errors assigned they relate to numerous items which were reported by the commissioner, who, it seems to us, has presented the result of the evidence. It is true it is somewhat conflicting, but not to such an extent as to authorize a reversal of the judgment, except to the extent indicated.

Wherefore the judgment is *reversed* and cause remanded with directions to render judgment in pursuance of this opinion.

*W. H. Holt,* for appellant.

*J. J. Cornelison,* for appellee.